IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02981-MSK-KLM

HELEN R. BARKER,

    Plaintiff,

v.

GUS HUND, doing business as Safeco Insurance doing business as Allstate Insurance, and
ERIC HUND,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Response to [the Order to] Show Cause Dated November 14th, 2013** [#10][1] (the "Response"). On November 14, 2013, the Court entered an Order to Show Cause which ordered Plaintiff to show cause why the Court should not recommend that this case be dismissed for lack of subject matter jurisdiction. *See Order to Show Cause* [#7] at 3. Cognizant of Plaintiff's pro se status, the Court explained the need for such an Order:

> It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff does not cite to any statutory authority as the jurisdictional basis for her claims. *Complaint* [#1] at 2. Plaintiff appears to bring a fraud claim relating to money she loaned to Defendant. *Id.* at 4. Plaintiff may also be asserting

---

[1] "[#10]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

> a breach of contract claim, but it is unclear to the Court if Plaintiff asserts such a claim. *Id.*; *see also Civil Cover Sheet* [#1-1] at 1.  Plaintiff requests monetary damages in the amount of $27,000, interest, and costs. *Id.* at 7. In her request for relief, Plaintiff also includes "aggravation [and] mental anguish" which may be a request for punitive damages. *Id.*  On the Civil Cover Sheet accompanying the Complaint, Plaintiff indicates that the basis of jurisdiction is that Plaintiff is the United States' government.  The Office of the Clerk of Court, in accepting the case for filing, designated the cause of action as a civil rights action and indicated that the case is brought pursuant to the Court's federal question jurisdiction.
>
> Here, Plaintiff alleges that she and Defendants are all citizens of Colorado. *Id.* at 2.  Therefore, the Court is not satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1345 because Plaintiff's allegations make it clear that Plaintiff is not the United States government.  In addition, the Court is not satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1332 because diversity jurisdiction pursuant to Section 1332 requires that the matter be a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (citation omitted).  As Plaintiff and Defendants are citizens of the same state, the matter is not completely diverse.  In addition, the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Here, Plaintiff's alleged damages do not meet this threshold. *Complaint* [#1] at 7.
>
> Further, Plaintiff does not plead any violations of the United States Constitution, federal laws, or federal treaties.  As a result, the Court is not satisfied that it has jurisdiction pursuant to 28 U.S.C. § 1331.
>
> As the requirements for original jurisdiction based on the Plaintiff being the United States government (28 U.S.C. § 1345), federal question jurisdiction (28 U.S.C. § 1331), nor diversity jurisdiction (28 U.S.C. § 1332) appear to be met, the Court concludes that it may lack subject matter jurisdiction over this lawsuit.

*Id.* at 2-3.

In her Response, Plaintiff states that Defendants "are both residents of the State of Colorado and the United States" and reiterates the factual basis of her claims. *Response* [#10] at 1-3.  However, Plaintiff does not offer any basis for the exercise of subject matter jurisdiction in this matter.

2

As noted in the Order to Show Cause, absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Further, it is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil*, 384 F.3d at 1224. Here, Plaintiff failed to provide a basis for jurisdiction when she initiated this case and was given an opportunity to do so after being provided with a detailed explanation of why her Complaint [#1] did not satisfy the Court that there is a basis for jurisdiction. However, even after being given an opportunity to address the issue of the Court's jurisdiction, Plaintiff has failed to meet her burden.

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the case be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.").

IT IS HEREBY **ORDERED** that the obligations stated in the Order to Show Cause issued November 14, 2013 [#7] are **DISCHARGED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 3, 2013                    BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge